UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SUSAN R. MCNEILLY and RON MEKKES and PHYLLIS M. WALKER, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>SPECTRUM HEALTH SYSTEM, THE DEFINED CONTRIBUTION RETIREMENT PLAN INVESTMENT COMMITTEE OF SPECTRUM HEALTH SYSTEM and JOHN DOES 1-30,<br><br>　　　　　　　　　Defendants. | CIVIL ACTION NO.: 1:20-cv-00870<br><br>Hon. Jane M. Beckering |

**PLAINTIFFS' UNOPPOSED MOTION AND MEMORANDUM
TO DROP PLAINTIFF RON MEKKES AS A NAMED PLAINTIFF
AND JOIN CARLA MARTZ AS A NAMED PLAINTIFF
UNDER FEDERAL RULE OF CIVIL PROCEDURE 21[1]**

　　　　Plaintiffs, Susan R. McNeilly and Ron Mekkes (collectively, "Plaintiffs"), move this Court to remove Plaintiff Ron Mekkes as a Named Plaintiff in this action and add Carla Martz as a Named Plaintiff in this action under Federal Rule of Civil Procedure 21. Plaintiff Ron Mekkes is no longer able to serve as a Named Plaintiff due to unforeseen personal obligations. At the same time, Carla Martz seeks to join this action as a Named Plaintiff. Defendants Spectrum Health System and The Defined Contribution Retirement Plan Investment Committee of Spectrum Health (collectively, "Defendants") do not oppose this motion, but they reserve their rights to challenge Carla Martz as a proposed class representative.

---

[1] Plaintiff Walker was dismissed from this action for lack of standing. *See* Order, ECF No. 21, at p. 20.

**FACTUAL BACKGROUND**

On September 4, 2020, Plaintiffs filed a Class Action Complaint ("Complaint") (ECF No. 1). On November 16, 2020, Plaintiffs filed an Amended Complaint ("AC") (ECF No. 8). On January 15, 2021, Defendants filed a motion to dismiss the Amended Complaint ("Motion to Dismiss") (ECF No. 10). Plaintiffs filed a Brief in Opposition to the Motion to Dismiss on March 1, 2021 (ECF No. 12). On March 31, 2021, Defendants filed a Reply in Support of the Motion to Dismiss (ECF No. 15). On July 16, 2021, the Court denied Defendants' Motion to Dismiss (ECF No. 21). On August 20, 2021, Defendants filed an Answer and Defenses to Plaintiffs' Amended Complaint (ECF No. 24). On August 3, 2022, Defendants filed a Motion for Partial Reconsideration of the Court's Order Denying Defendants' Motion to Dismiss, or, in the Alternative, to Certify the Order for Interlocutory Appeal, and a Motion to Stay Proceedings, both of which are currently pending (ECF Nos. 42-45).

Plaintiff Ron Mekkes is no longer able to serve as a Named Plaintiff or proposed Class Representative in this Action. Plaintiff McNeilly remains prepared to continue to serve as a Named Plaintiff while Carla Martz seeks to join this action as a Named Plaintiff.

**ARGUMENT**

Federal Rule of Civil Procedure 21 permits a court, "[o]n motion or on its own," and "on just terms," to "add or drop a party." Rule 21 allows the district court to use broad discretion in deciding if an action should be severed or not. *Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018) (citing *Johnson v. Advanced Bionics*, LLC, No. 2:08-CV-02376-JPM, 2011 U.S. Dist. LEXIS 36289, 2011 WL 1323883, at *6 (W.D. Tenn. Apr. 4, 2011)). Rule 21 allows the court to dismiss "dispensable nondiverse" parties at any time. *Safeco Ins. Co. of Am. v. City of White House*,

Tenn., 36 F.3d 540, 545 (6th Cir. 1994) (citing *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 832 (1989)). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant […] the leave sought should, as the rules require, be 'freely given.'" *Parchman*, 896 F.3d at 736.; *see also Blackwell-Wilson v. Synchrony Bank*, No.5:19-CV-273-JMH, 2020 WL 6803808 (E.D. Tenn. Nov. 19, 2020) (granting the plaintiff's Rule 21 voluntary dismissal). Courts must examine any prejudice against non-moving parties when considering a Rule 21 motion. *Id*. at 733; *see also Wilkerson v. Brakebill*, No. 3:15-CV-435-TAV-CCS, 2017 WL 401212, at *3 (E.D. Tenn. Jan. 30, 2017). This motion is made in good faith, involves dispensable parties, and is not prejudicial to defendants (as inferred from their consent). Accordingly, dropping Mr. Mekkes from this action as a Named Plaintiff and adding Carla Martz as a Named Plaintiff pursuant to Rule 21 is appropriate under the circumstances.

## CONCLUSION

Plaintiffs respectfully request the Court enter an Order dropping Plaintiff Ron Mekkes as a Named Plaintiff from this action and joining Carla Martz as a Named Plaintiff in this action.

DATED: December 9, 2022          Respectfully submitted,

*/s/Mark K. Gyandoh*
Mark K. Gyandoh
CAPOZZI ADLER, P.C.
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
Email: markg@capozziadler.com

Donald R. Reavey
CAPOZZI ADLER, P.C.
2933 North Front Street
Harrisburg, PA 17110
Telephone: (717) 233-4101
Facsimile: (717) 233-4103

Email: donr@capozziadler.com

EDELSON LECHTZIN LLP
Eric Lechtzin, Esquire*
Marc H. Edelson, Esquire*
411 S. State Street, Suite N-300
Newtown, PA 18940
Telephone: (215) 867-2399
Email: elechtzin@edelson-law.com

*Attorneys for Plaintiffs, the Plan
and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2022, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh
CAPOZZI ADLER, P.C.