# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

SUSAN R. MCNEILLY, et al.,

                    Plaintiffs,

  v.

SPECTRUM HEALTH SYSTEM, THE
DEFINED CONTRIBUTION RETIREMENT
PLAN INVESTMENT COMMITTEE OF
SPECTRUM HEALTH SYSTEM and JOHN
DOES 1-30,

                   Defendants.

CIVIL ACTION NO.: 1:20-cv-00870

Hon. Jane M. Beckering

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, APPROVAL OF CLASS NOTICE, APPROVAL OF PLAN OF ALLOCATION, AND <u>SCHEDULING OF A FAIRNESS HEARING</u>

**TABLE OF CONTENTS**

I.      INTRODUCTION ...................................................................................................1

II.     FACTUAL AND PROCEDURAL BACKGROUND.............................................2

        A.      The Parties and the Proposed Settlement Class ........................................2

        B.      Procedural History and Settlement Negotiations.....................................2

        C.      Claims for Relief......................................................................................4

III.    OVERVIEW OF SETTLEMENT TERMS ..........................................................4

        A.      The Settlement Amount ...........................................................................4

        B.      Class Notice and Administration of Claims.............................................5

        C.      Fees and Expenses ...................................................................................5

IV.     ARGUMENT .......................................................................................................6

        A.      The Proposed Class Meets all Rule 23 Requirements .............................6

                1.      Numerosity ...................................................................................6

                2.      Common Questions of Law or Fact ..............................................6

                3.      Typicality......................................................................................7

                4.      Adequacy of Representation .........................................................8

                5.      Certification Satisfies both Rule 23(b) (1)(B)..............................8

        B.      The Settlement Meets All Rule 23 Requirements.....................................9

        C.      The Settlement Satisfies Sixth Circuit Requirements of Fairness and Adequacy .10

                1.      The complexity, expense, and likely duration of the litigation weighs in Favor of Settlement Approval...............................................................11

                2.      The amount of discovery engaged in by the parties indicates a fair Settlement ...................................................................................12

                3.      The likelihood of success on the merits warrants approval .......12

4.      Counsel for the parties find the Settlement to be fair and adequate ..........14

5.      The reaction of absent class members is not a matter for preliminary approval................................................................................................14

6.      Approval of the Settlement is in the best public interest ..........................15

D.      The Attorney's Fees and Expenses Are Reasonable.................................................15

E.      The Proposed Notice Plan and The Claims Procedure Should Be Approved by the Court....................................................................................................................16

F.      Incentive Awards to Class Representatives are Reasonable..................................17

V.      CONCLUSION.......................................................................................................17

## <u>TABLE OF AUTHORITIES</u>

PAGE(S)

**Cases**

*Bailey v. Verso Corporation,*
337 F.R.D. 500, 507 (S.D. Ohio 2021) ..................................................................6, 10

*In re Cardizem CD Antitrust Litig.,*
218 F.R.D. 508 (E.D. Mich. 2003) ............................................................... 12

*Carson v. Am. Brands,*
450 U.S. 79 (1981) .......................................................................................... 12

*Daoust v. Maru Rest., LLC,*
No. 17-cv-13879 2019 WL 1055231 (E.D. Mich. Feb. 20, 2019) ............................... 16

*Dover Glen Condo. Ass'n v. Oakland County,*
No. 22-11468 2022 WL 17337815 (E.D. Mich. Nov. 30, 2022).........................11, 12, 4

*Fastener Dimensions, Inc. v. Mass. Mut. Life Ins. Co.,*
No. 12cv8918 (DLC), 2014 WL 5455473 (S.D.N.Y. Oct. 28, 2014).......................... 15

*Forman v. TriHealth, Inc.,*
40 F.4th 443 (6th Cir. 2022) ....................................................................3, 13

*Garner Props. & Mgmt., LLC v. City of Inkster,*
333 F.R.D. 614, 626 (E.D. Mich. 2020) ...............................................1, 6, 7, 8

*Hadix v. Johnson,*
322 F.3d 895 (6th Cir. 2003) ..................................................................... 17

*Harney v. Parrott,*
617 F. Supp. 2d 668 (S.D. Ohio 2007)........................................................ 15

*Karpik v. Huntington Bancshares, Inc.,*
2019 WL 7482134 (S.D. Ohio Sept. 26, 2019) ...................................Passim

*Krueger v. Ameriprise,*
No. 11-cv-02781, 2015 WL 4246879 (D. Minn. July 13, 2015) .................................. 11

*Levell v. Monsanto Research Corp.,*
191 F.R.D. 543 (S.D. Ohio 2000) ..............................................................................11

*Nolan v. Detroit Edison Co.,*
2022 WL 2813013 (E.D. Michigan July 14, 2022) ......................................................15

*In Re Nortel Networks Corp. ERISA Litig.,*
No. 3:03-md-01537, 2009 WL 3294827 (M.D. Tenn. Sept. 2, 2009) ........................................... 7

*Poplar Creek Dev. Co. v. Chesapeake Appalachia, LLC,*
636 F.3d 235 (6th Cir. 2011) ................................................................................................10, 12

*In re Prudential Ins. Co. of Am. Sales Practices Litig.,*
148 F.3d 283, 318 (3d Cir. 1998)............................................................................................ 11

*Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan,*
No. 10-4360, 2019 WL 4746744 (E.D. Mich. Sept. 30, 2019)...................................14, 15, 16, 17

*Shy v. Navistar Int'l Corp.,*
2022 WL 2125574 (S.D. Ohio 2022)...........................................................................8, 11, 14, 15

*Smith v. CommonSpirit Health,*
37 F.4th 1160 (6th Cir. 2022) ................................................................................................3, 13

*Thomsen v. Morley Cos., Inc.,*
No. 1:22-cv-10271 2022 WL 16708240 (E.D. Mich. Nov. 4, 2022)................................12, 14, 17

*UAW v. General Motors Corp.,*
No. 05-cv-73991, 2006 WL 891151 (E.D. Mich. Mar. 31, 2006) ................................................ 12

*Vigna v. Emery Fed. Credit Union,*
No. 1:15-cv-51, 2016 WL 7034237 (S.D. Ohio Dec. 2, 2016)................................................... 10

*Williams v. Vukovich,*
720 F.2d 909, 921 (6th Cir. 1983) ........................................................................................... 12

**Statutes**

29 U.S.C. § 1104(a) .......................................................................................................... 3, 8

29 U.S.C. § 1332(d) .............................................................................................................. 18

29 U.S.C. § 1453 .................................................................................................................. 18

29 U.S.C. § 1711-1715 .......................................................................................................... 18

Fed. R. Civ. P. 23 ................................................................................................................... 6

Fed. R. Civ. P. 23(a) ............................................................................................................... 7

Fed. R. Civ. P. 23(b)(1)(A) ...................................................................................................... 8

Fed. R. Civ. P. 23(b)(1)(B) .................................................................................. 8

Fed. R. Civ. P. 23(a)(2) ...................................................................................... 8

Fed. R. Civ. P. 23(e) ........................................................................................... 9

Fed. R. Civ. P. 23(e)(1)(B) .................................................................................. 9

Fed. R. Civ. P. 23(e)(1)(C) ................................................................................ 10

Fed. R. Civ. P. 23(e)(2) ...................................................................................... 9

Fed. R. Civ. P. 23(e)(3) ...................................................................................... 9

**Other Sources**

Class Action Fairness Act of 2005 ("CAFA")................................................. 17

Newberg on Class Actions § 13:10 (5th ed.) ....................................................1

The Employee Retirement Income Security Act of 1974 ............................. 1, 2

Restatement (Third) of Trusts § 100 cmt. b(1) ............................................. 13

## I.  INTRODUCTION

Plaintiffs Susan R. McNeilly and Carla Martz (collectively "Plaintiffs"), by and through their undersigned counsel on behalf of the Spectrum Health System 403(b) Plan (the "Plan"), respectfully submit this Memorandum of Law in support of their motion for preliminary approval of the proposed Settlement of this ERISA[1] class action.[2] The Settling Parties[3] are pleased that after years of hard-fought litigation, they are able to present a proposed settlement of a cash payment of $6,000,000.00 (six million dollars) for preliminary approval. The Settling Parties agreed to the proposed Settlement only after vigorous arms-length negotiations between counsel experienced in ERISA class actions and under the auspices of David Geronemus, Esq. of JAMS, a third-party private mediator with extensive experience mediating ERISA actions.

Plaintiffs believe the Settlement is an excellent result, providing a substantial, immediate payment to Settlement Class members and eliminating the risks and cost of trial.  A trial could result in a reduced recovery or no recovery at all.  " [T]he question now before the Court is simply whether the settlement is fair enough that it is worthwhile to expend the effort and costs associated with sending potential class members notice." *Garner Props. & Mgmt., LLC v. City of Inkster*, 333 F.R.D. 614, 626 (E.D. Mich. 2020)(citing *Newberg on Class Actions* § 13:10 (5th ed.). As set forth below, the settlement is fair, reasonable, and adequate under governing law, and meets all

---

[1] Employee Retirement Income Security Act of 1974.

[2] The Settlement Agreement is attached to the Gyandoh Decl. as Exhibit 1 and has several exhibits. These exhibits are: A (Settlement Notice); A-1 (Former Participant Claim Form); B (Plan of Allocation); C (Preliminary Approval Order); D (Final Approval Order and Judgment); and E (CAFA Notice).  Undefined terms herein shall have the meaning ascribed to them in the Settlement Agreement.

[3] Defined in the Settlement Agreement as Defendants (Spectrum and the Defined Contribution Retirement Plans Investment Committee of Spectrum Health System, and John Does 1-30) and the Named Plaintiffs, on behalf of themselves, the Plan, and each of the Settlement Class members.

prerequisites for preliminary approval and dissemination of the Class Notice.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  The Parties and the Proposed Settlement Class

Plaintiffs Susan R. McNeilly and Carla Martz, participants  in  the  Plan, are the proposed Class Representatives. (ECF No. 8 First Amended Complaint "AC" or "Amended Complaint," ¶¶ 17,19, 20); Settlement Agreement, ¶ 1.14[4]  The Settlement Class is defined as "all persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period.  Excluded from the Settlement Class are Defendants and their Beneficiaries." *Id.*, ¶ 1.48. Further, the Class Period is defined as "the period from September 4, 2014, through the date the Preliminary Approval Order is entered by the Court."  *Id.*, ¶ 1.13.

Defendant Spectrum Health System ("Spectrum") is the Plan sponsor and fiduciary. The Defined Contribution Retirement Plan Investment Committee ("Committee Defendants") were appointed by Spectrum through its Board of Directors (the "Monitoring Defendants") to "select and monitor the investment options made available to participants" AC ¶ 23.

### B.  Procedural History and Settlement Negotiations[5]

Plaintiffs commenced this action by filing an initial complaint on September 4, 2020. (ECF No. 1). On November 16, 2020, Plaintiffs filed the Amended Complaint. ECF No. 8. The Amended Complaint alleges violations of fiduciary duties of prudence, care, and loyalty imposed by ERISA

---

[4] Originally, Rob Mekkes was one of the named Plaintiffs, however on December 12, 2022, the Court granted Plaintiffs' Unopposed Motion to drop Mekkes and join Carla Martz as a named Plaintiff. (ECF No. 61).

[5] The full procedural history of this matter is recounted in the Declaration of Mark K. Gyandoh ("Gyandoh Decl."), filed contemporaneously with this memorandum, at ¶¶ 3-10.

§ 404(a), 29 U.S.C. § 1104(a). Defendants moved to dismiss the Amended Complaint on January 15, 2021. On March 1, 2021, Plaintiffs filed an opposition to Defendants' motion to dismiss, and on March 31, 2021, Defendants filed a reply in support of their motion to dismiss.

The Court denied Defendants' motion to dismiss on July 16, 2021, except to the extent it found that one of the original Named Plaintiffs, Phyllis Walker, lacked standing and she was dismissed from the case.  (ECF No. 21). Following this decision, the Settling Parties began discovery in earnest.  By April 1, 2022, Defendants had provided Plaintiffs with approximately 7,500 pages of documents pursuant to Plaintiffs' discovery requests.  Gyandoh Decl., ¶ 13. On March 15, 2022, Plaintiffs provided Defendants with 169 documents requested alongside responses and objections to other document requests. *Id.* at ¶ 14.

The Settling Parties in the meantime attended two voluntary mediation sessions with David Geronemus of JAMS who is well-versed and experienced in mediating ERISA matters.  Gyandoh Decl.,  ¶¶  15-16;  *see  also*  curriculum  vitae  of  Mr.  Geronemus  at https://www.jamsadr.com/geronemus/.  These sessions took place on December 8, 2021 and February 15, 2022.  *Id.*  The Settling Parties also held numerous discussions outside of mediation. (ECF No. 57 *¶¶ 3,* 6-7).  Although a settlement was not reached during the mediation sessions, the Settling Parties continued to communicate with Mr. Geronemus and with each other numerous times, eventually negotiating a resolution to this matter.  Gyandoh Decl., ¶  17.

While negotiating a potential resolution, the Settling Parties continued to litigate this matter vigorously.  On August 3, 2022, Defendants filed a motion for partial reconsideration of the Court's motion to dismiss decision in light of two decisions from the United States Court of Appeals for the Sixth Circuit, *Smith v. CommonSpirit Health*, 37 F.4th 1160 (6th Cir. 2022), and *Forman v. TriHealth, Inc.*, 40 F.4th 443 (6th Cir. 2022), both of which were decided after the

Court's motion to dismiss decision.  Plaintiffs vigorously opposed the motion for reconsideration. On December 20, 2022, the Court denied Defendants' motion for reconsideration finding the two intervening cases did not affect the previous decision (ECF Nos. 43 & 62). After its decision, the Court ordered the Case Management Order ("CMO") to be amended at the Joint Request of the Settling Parties in regard to the dispositive motion deadline and the expert discovery deadline, to account for the delay caused by the pending motion for reconsideration. (EFC No. 63). However, the trial date was not pushed back.  *Id.*

### C.  Claims for Relief

Plaintiffs' claims concern Defendants' alleged breaches of fiduciary duty as Plan fiduciaries by, *inter alia*, (1) failing to actively monitor the Plan's administrative expenses and pursue reduction in Plan costs to participants; (2) failing to ensure investment funds in the Plan were prudent and in the best interest of Plan participants; and (3) and Monitoring Defendants' failure to monitor the performance and processes of the Committee Defendants to ensure the adequate performance of their fiduciary obligations. (AC ¶¶ 168-181). The claims alleged in the operative complaint are as follows:

COUNT I:    Breaches of Fiduciary Duties of Loyalty and Prudence (asserted against the Committee)

COUNT II:   Failure to Adequately Monitor Other Fiduciaries (asserted against Spectrum)

Defendants deny all of these claims and deny that they ever engaged in any wrongful conduct.

### D.  The Settlement Amount

Through arm's length negotiations and numerous exchanges of memoranda and discovery, the Settling Parties have concluded that $6,000,000 (six million U.S. dollars) in cash is a fair and

adequate settlement amount. The Settling Parties evaluated numerous damages scenarios by calculating the difference between earnings the Plan would have achieved had Defendants invested in the options Plaintiffs alleged were more prudent and what the Plan actually earned during the Class Period.

### E.    Class Notice and Administration of Claims

Plaintiffs have selected Analytics LLC ("Analytics") to be the Settlement Administrator. Analytics is highly experienced in class action claims administration. Upon preliminary approval, Analytics will mail, by first class mail, the Court-approved Class Notice to Settlement Class members using addresses from employment records and documents associated with the Plan. Analytics will administer a skip trace and receive updated address information for any notices that are returned for lack of a forwarding address and re-mail the notices to the updated addresses. Additionally, Analytics will establish a settlement website providing Settlement Class members with important case documents, pertinent information, and contact information for the Settlement Administrator, Class counsel, and Defense counsel. Lastly, Analytics will institute a case-specific toll-free number for members to listen to an Interactive Voice Response ("IVR") system or speak with a live agent. The Notice, website, and telephone number will inform Settlement Class members of their rights to object, deadline to object, their inability to opt-out, claims administration procedures for Former Participants, Plaintiffs' incentive awards, and Class Counsel's request for attorney's fees and expenses.

### F.    Fees and Expenses

The Gross Settlement Amount is inclusive of an attorney fees award not to exceed thirty-three and one third percent (33 1/3%) of the Gross Settlement Amount.  Put differently, the attorney fee award has a maximum of $1,999,800. The Settlement Agreement also provides for a

reimbursement of attorney expenses up to $50,000.00 and a maximum of $10,000 incentive awards for each of the Class Representatives (Named Plaintiffs) for their work in bringing the case forward.  These amounts are to be paid from the Gross Settlement Amount.

## III.   ARGUMENT

### A.   The Proposed Class Meets all Rule 23 Requirements

Class Certification is applicable where "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23 (a).

#### 1.   Numerosity

Here, the Class consists of at minimum 30,000 Plan participants, making joinder impracticable. Gyandoh, Decl., ¶ 36.  "While there is no strict test to determine when the class is sufficiently numerous to be joined under Rule 23, a substantial number of class members satisfies the element." *Bailey v. Verso Corporation*, 337 F.R.D. 500, 507 (S.D. Ohio 2021) (finding 152 members satisfied numerosity in an ERISA retiree-benefit class action case); *see also Garner Props.*, 333 F.R.D. at 622 (finding numerosity satisfied where city records indicate around 4,000 claims).

#### 2.   Common Questions of Law or Fact

"A common question of law or fact exists when it can be shown that all class members suffered the same injury." *Garner Props.*, 333 F.R.D. at 622. Only one question needs to be common to all class members to satisfy this factor. *Id*. In the instant matter, several questions of law and fact predominate over the Settlement Class members as participants of the Plan. The

Amended Complaint raises the following common questions:

> A.   Whether Defendants are/were fiduciaries of the Plan;
>
> B.   Whether Defendants breached their fiduciary duties of loyalty and prudence by engaging in the conduct described herein;
>
> C.   Whether the Company failed to adequately monitor the Committee and other fiduciaries to ensure the Plan was being managed in compliance with ERISA;
>
> D.   The proper form of equitable and injunctive relief; and
>
> E.   The proper measure of monetary relief.

¶ 54. *See also, Karpik v. Huntington Bancshares Inc.,* No. 2:17-cv-1153 2021 WL 757123 at *10 (S.D. Ohio Feb. 18, 2021) (collecting approved ERISA class certifications pursuing answers to the same or similar common questions).

### 3.   Typicality

Typicality is satisfied because Plaintiffs were members of the Plan during the Class Period and have incurred damages as a consequence of Defendants' alleged breaches of fiduciary duties. AC ¶ 53. "Indeed, the fact that Plaintiffs brought the claims on behalf of the Plan 'weigh[s] heavily in a Rule 23(a)(3) analysis of the parties' claims and defenses.'" *Karpik*, 2021 WL 757123 at *11 (quoting *In Re Nortel Networks Corp. ERISA Litig*., No. 3:03-md-01537, 2009 WL 3294827, at * 8 (M.D. Tenn. Sept. 2, 2009)). Defendants managed the Plan as a single entity; therefore, Plaintiffs were subject to the same treatment as other Plan participants included in the Class, and Plaintiffs advance the same legal theories regarding Defendants' failure to adequately monitor the Plan's fees, investments, and the Committee Defendants. Typicality is satisfied when "the named Plaintiff's claims and those of any putative class members arise from the same course of conduct by Defendants and the claims all are based on the same legal theory." *Garner Props*., 333 F.R.D.

at 623.

### 4.    Adequacy of Representation

"The Sixth Circuit has explained that in approving class action settlements, courts must carefully scrutinize whether the class representatives and class counsel have met their fiduciary obligations to protect class interests." *Garner Props*., 333 F.R.D. at 626. Plaintiffs' Counsel has extensive experience in ERISA class action litigation involving defined contribution plans. Gyandoh Decl., ¶¶ 24-35; Lechtzin Decl., ¶¶ 8-12.  Counsel attended two mediation sessions, court conferences, and conducted diligent motion practice. *Id.* The Class Representatives have shown they have no interests antagonistic to the class and have remained in constant communication with counsel. *See* McNeilly Decl., ¶ 6; Carla Martz Decl., ¶ 6.  Thus, Counsel and Plaintiffs have fairly and adequately represented the proposed class.

### 5.    Certification Satisfies both Rule 23(b)(1)(A) and Rule 23(b)(1)(B).

"A class action on behalf of plan participants is a paradigmatic Rule 23(b)(1) case, and most ERISA class actions are certified under Rule 23(b)(1) as mandatory non-opt out classes." *Shy v. Navistar Int'l Corp*., 2022 WL 2125574, at *4 (S.D. Ohio 2022) (*See also Karpik*, 2021 WL 757123 at *12, "Cases such as this, which involve allegations of fiduciary breaches to a trust or plan, are precisely the type of cases that are encompassed by the rule."). The Class may be certified under Rule 23(b)(1)(A) "because prosecution of individual actions would create incompatible standards of conduct for Defendants. The fiduciary duties imposed by ERISA are 'duties with respect to a plan' that are intended to protect the 'interest of the participants and beneficiaries' collectively." *Id*. (citing 29 U.S.C. § 1104(a)). Additionally, the Class may be certified under Rule 23(b)(1)(B) "because an adjudication on behalf of one participant of the Plan would effectively be dispositive of the claims of the other class members." *Id.* Lastly, Rule 23(b)(2) certification is

applicable because Defendants have acted, or neglected to act, prudently in ways affecting Plan Members on a class-wide basis. AC ¶ 57. Accordingly, Class Certification is appropriate because all Rule 23(b) Requirements have been met.

**B.    The Settlement Meets All Rule 23 Requirements**

Pursuant to FED. R. CIV. P. 23(e), at the preliminary approval stage, the court must determine whether it "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." FED. R. CIV. P. 23(e)(1)(B). Rule 23(e)(2), in turn, specifies factors the court must ultimately consider at the final approval stage:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i) the costs, risks, and delay of trial and appeal;
>>
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>>
>> (iv) any agreement required to be identified under Rule 23(e)(3) [6]; and
>
> (D) the proposal treats class members equitably relative to each other.

FED. R. CIV. P. 23(e)(2).

---

[6] Rule 23(e)(3) requires that "[t]he parties seeking approval must file a statement identifying any agreement made in connection with the proposal." FED. R. CIV. P. 23(e)(3). There are no agreements, other than the Settlement itself, in this case.

Here, as discussed above (1) the settlement was negotiated at arm's length by experienced counsel with the assistance of an experienced mediator after significant litigation, (2) the Settlement Class was adequately represented by Plaintiffs and Class Counsel, and (3) the relief provided is adequate and equitable to all Settlement Class members as the proposed Plan of Allocation provides for a *pro rata* distribution and each Settlement Class member will be entitled to at least the minimum amount of $10. In addition, the Settlement Agreement ensures a substantial and prompt payment to the Plan, and ultimately to Class members. This substantial relief is far preferable to the possibility of a smaller recovery or none at all.  In short, the proposed Settlement is an excellent result and merits preliminary approval.

## C.  The Settlement Satisfies Sixth Circuit Requirements of Fairness and Adequacy.

In determining if a preliminary settlement satisfies FED. R. CIV. P. 23(e)(1)(C), the Sixth Circuit evaluates seven factors "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Karpik,* 2021 WL 757123 at * 4 (S.D. Ohio Feb. 18, 2021) (quoting *Poplar Creek Dev. Co. v. Chesapeake Appalachia, LLC*, 636 F.3d 235, 244 (6th Cir. 2011)). "The court need not make an affirmative determination of each factor but, rather, should grant preliminary approval if 'the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls with the range of possible approval.'" *Bailey*, 337 F.R.D. at 505 (quoting *Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016)).

Sixth Circuit courts presume settlements are not the product of fraud or collusion unless

presented with evidence of fraud or collusion. *Karpik,* 2021 WL 757123 at * 4. When parties reach

an agreement after extensive discovery, arms-length negotiations, motion practice, and parties

have attended mediations with a neutral mediator, courts can assume agreements were resolved in

good faith and both parties have "a clear view of the facts and law and the strengths and weaknesses

of their case." *Id. See also, Shy*, 2022 WL 2125574, at *6 ("Settlements resulting from arm's length

negotiations conducted by competent counsel are *prima facie* fair.").

> **1.** **The complexity, expense, and likely duration of the litigation weighs in Favor of Settlement Approval**.

Courts should approve a settlement that "accomplishes what parties wanted and is adequate

given the costs, risks, and delay of trial and appeal." *Dover Glen Condo. Ass'n v. Oakland County*,

No. 22-11468 2022 WL 17337815 at *4 (E.D. Mich. Nov. 30, 2022) "It is well known that 'ERISA

is a complex field that involves difficult and novel legal theories and often leads to lengthy

litigation.'" *Karpik* at *9 (quoting *Krueger v. Ameriprise,* No. 11-cv-02781, 2015 WL 4246879,

at *1 (D. Minn. July 13, 2015). Courts in this Circuit have noted class action trials are a "long,

arduous process requiring great expenditures of time and money on behalf of both the parties and

the court." *Levell v. Monsanto Research Corp.*, 191 F.R.D. 543, 556 (S.D. Ohio 2000), quoting

*In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 148 F.3d 283, 318 (3d Cir. 1998).  Here, in

the absence of settlement, the parties would continue with discovery, motion practice, depositions,

trial and likely appeals. Currently, the trial date is set for November 28, 2023, over three years

since the commencement of the suit. (EFC No. 63). If this case were to go to trial both sides would

face burdensome litigation involving intricate fact discovery and the costs to retain experts in areas

such as ERISA duties, damages, and defined contribution investing. The likely appeal from a trial

would exacerbate the expense, duration, and complexity of the litigation to the determinant of the

Plaintiffs.

**2.**     **The amount of discovery engaged in by the parties indicates a fair Settlement**.

"The relevant inquiry with respect to this factor is whether the plaintiff has obtained a sufficient understanding of the case to gauge the strengths and weaknesses of the claims and the adequacy of the settlement." *Dover Glen Condo. Ass'n,* 2022 WL 17337815 at *3 (E.D. Mich. Nov. 30, 2022) (finding the parties conducting discovery for over a year was sufficient to show an understanding of the risks involved in litigation).  Here, Plaintiffs obtained over 7,500 pages of documents which they and their counsel and hired experts reviewed and analyzed prior to reaching a settlement.

**3.**     **The likelihood of success on the merits warrants approval.**

"The likelihood of success on the merits 'provides a gauge from which the benefits of the settlement must be measured.'" *Thomsen v. Morley Cos., Inc., No. 1:22-cv-10271 2022 WL 16708240 at *6 (E.D. Mich. Nov. 4, 2022)* (quoting *Poplar Creek Dev.*, 636 F.3d 245 (6th Cir. 2011)). This factor is deemed satisfied when "Plaintiffs have acknowledged the risk of continued litigation" *Id.* at *7. Courts must consider "whether the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued." *UAW v. General Motors Corp.*, No. 05-cv-73991, 2006 WL 891151, at *15 (E.D. Mich. Mar. 31, 2006) (citing *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 522 (E.D. Mich. 2003)). A court "has no occasion to determine the merits of the controversy or the factual underpinning of the legal authorities advanced by the parties." *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983) (citing *Carson v. Am. Brands*, 450 U.S. 79, 88 n.14 (1981)).

Although Plaintiffs are confident they would be successful if this case were to go to trial, Defendants have been persistent in their denial of all claims and maintain they have not breached any ERISA standards of fiduciary duties. If this Action were to go to trial Defendants would raise

several defenses asserting Defendants did not engage in the alleged imprudent and improper conduct, Defendants did not breach their duties as fiduciaries, the Plan's investment options and recordkeeping fees were and are prudent and in line with industry standards, and lastly, if there were any breaches of fiduciary duties the breaches did not cause losses to the Plan or the Plan's participants. Defendants have previously contended, using the recent Sixth Circuit decisions in *Smith v. CommonSpirit Health*, 37 F.4th 1160 (6th Cir. 2022) and *Forman v. TriHealth, Inc.*, 40 F.4th 443 (6th Cir. 2022), the benchmark comparators proffered by Plaintiffs are inappropriate and do not support allegations of imprudent investments or recordkeeping fees. (ECF. No. 51, Defendants' Notice of Supplemental Authority in Support of Motion for Partial Reconsideration or Certify Order for Interlocutory Appeal). Plaintiffs successfully rebutted these authorities and twice survived Defendants' motion to Dismiss Plaintiffs' First Amended Complaint. Although the Court ruled Defendants' arguments were not grounds for dismissal, appropriate benchmark comparators remain a common ERISA controversy that would require adversarial and in-depth expert testimony in order to proceed to trial.

Though many recent ERISA cases out of the Sixth Circuit and other Circuits have ruled in Plaintiffs' favor, others ERISA cases have been dismissed, at least in part, at the summary judgment stage. Plaintiffs have highly experienced expert witnesses at their disposal but recognize "[e]ven if Plaintiffs established a fiduciary breach, it is 'difficult' to measure damages in cases alleging imprudent or otherwise improper investments" and "Because an adverse ruling on either liability or damages would significantly impact the Class, the likelihood of success in this case was materially uncertain." *Karpik*, 2021 WL 757123, at *5 (citing Restatement (Third) of Trusts § 100 cmt. b(1)). Furthermore, "given the complex economic issues, a jury may not credit Plaintiffs' evidence or a jury may award less than the damages that would be sought at trial" *Shane*

13

*Grp., Inc. v. Blue Cross Blue Shield of Michigan*, No. 10-4360, 2019 WL 4746744, at \*3 (E.D. Mich. Sept. 30, 2019). Thus, "[b]ecause an adverse ruling on either liability or damages would significantly impact the Class," the benefit the Class receives in avoiding the risk of trial weighs in favor of preliminary approval. *Karpik*, 2021 WL 757123, at \* 6.

### 4.        Counsel For the Parties Find the Settlement to Be Fair and Adequate

Both Settling Parties have retained counsel with experience and knowledge of ERISA Law and the claims at issue. "Class Counsel are skilled in class actions and ERISA litigation, and their recommendation that the Court should approve the Settlement is entitled to some deference." *Karpik,* 2021 WL 757123 at \* 6. (*See also*, *Shy*, 2022 WL 2125574 at \* 7 (referring to Class Counsel as well as the defendants' in-house and outside counsel, "All interested parties are in a position to fully analyze the strengths and weaknesses of their respective cases and determine that the Settlement at this stage of the litigation is appropriate. Accordingly, the informed recommendations of the parties and their experienced counsel weigh in favor of granting final approval."); *Dover Glen Condo. Ass'n,* 2022 WL 17337815 at \*5 ("As to the fifth factor, courts recognize that the opinion of experienced, informed, and competent counsel in favor of settlement should be afforded substantial consideration."). After two voluntary mediations, substantial discovery, lengthy discussions, and numerous motions filed, the Settling Parties are well informed of the strengths and weaknesses of their case and find the proposed Settlement to be fair.

### 5.        The reaction of absent class members is Not a Matter for Preliminary Approval

"This factor is neutral because the proposed settlement is in the prenotice stage." *Thomsen,* 2022 WL 16708240 at \*7. If the settlement is approved, dissemination of Notice will inform absent class members of the fairness hearing and deadlines for objections so their reactions may be

addressed before final approval proceedings. *See, Nolan v. Detroit Edison Co.*, 2022 WL 2813013 at * 6 (E.D. Michigan July 14, 2022) ("the views of absent class members are not yet known, but the notice period will provide ample opportunity for them to weigh in or object.").

### 6. Approval of the Settlement is in the Best Public Interest.

"Public policy generally favors settlement of class action lawsuits." *Karpik*, 2021 WL 757123 at *6 (quoting *Harney v. Parrott*, 617 F. Supp. 2d 668, 679 (S.D. Ohio 2007)). Not only does this settlement allow Class Members immediate and risk avoidant relief, but, "[a]dditionally, this ERISA Settlement confers broader public benefits, as 'the protection of retirement funds is a great public interest.'" *Karpik*, 2021 WL 757123 at *6 (quoting, *Fastener Dimensions, Inc. v. Mass. Mut. Life Ins. Co.*, No. 12cv8918 (DLC), 2014 WL 5455473, at *9 (S.D.N.Y. Oct. 28, 2014)). Given the large size of the Class, a settlement "would further the public interest by providing relief for the entire Class and conserving judicial resources. Therefore, this factor favors approval." *Thomsen*, 2022 WL at *7; *see also Nolan*, 2022 WL 2813013 at *6 ("Finally, the public interest favors resolution of the matter by way of a settlement that will secure a substantial recovery for the class members while avoiding the wastage of considerable time and expense by the parties and the Court, possibly only to reach the same end."). It is in the best public policy interest to preliminarily approve the settlement.

### D. The Attorney's Fees and Expenses Are Reasonable.

"Typically, in [ERISA] class actions such as this, Class Counsel are awarded a percentage of the settlement fund." *Shy*, 2022 WL 2125574, at *8 (collecting Sixth Circuit ERISA cases instructing on the Sixth Circuit's customary use of the common fund doctrine). "Courts have noted that the range of reasonableness in common fund cases is from 20 to 50 percent of the common fund." *Shane Grp.,* 2019 WL 4746744, *at* *6 (collecting cases). Moreover, because Class Counsel

took this case on a contingency fee basis, "Class Counsel assumed a real risk in taking the case, investing time, effort, and money over a period of years with no guarantee of recovery. This factor weighs in favor of approving the requested fee award." *Karpik*, 2021 WL 757123 at *7 (approving attorney's fees request of one third of the settlement fund). Plaintiffs' counsel actively pursued this case on a contingency fee basis and is seeking attorney's fees in line with typical ERISA class action settlements, thirty-three and one third percent (33 1/3%) of the common fund.

Plaintiffs request for reimbursement of expenses is also reasonable. "Class counsel is entitled to reimbursement of all reasonable out-of-pocket litigation expenses and costs in the prosecution of claims and in obtaining settlement, including expenses incurred in connection with document productions, consulting with experts and consultants, travel and other litigation-related expenses." *Shane Grp., Inc.*, 2019 WL 4746744, at *8. The attorney's fees and expense reimbursement in the Settlement are reasonable and therefore weighs in favor of preliminary settlement approval.

### E.   The Proposed Notice Plan and The Claims Procedure Should Be Approved by The Court

"The Settlement Notice, claims review, and payment distribution services provided by the Settlement Administrator are essential to carry out the Settlement." *Karpik*, 2021 WL 757123 at *9. Moreover, "The Rule 23 Notice is also appropriate because it describes the terms of the settlement, informs the classes about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing." *Daoust v. Maru Rest., LLC*, No. 17-cv-13879 2019 WL 1055231 at *2 (E.D. Mich. Feb. 20, 2019). The Court should approve a notice plan that "is [the] most practicable way under the circumstances to provide individual notice to the Class. It directs the Claims Administrator to mail notice to the members of the Class and provides detailed procedures for handling returned notices. It also establishes a

16

settlement website that any member of the Class can access." *Thomsen* at *7. As detailed in section III.B. *supra*, the Notice Plan utilizes first class mail, has procedures for return mail, creates a website and toll-free number for members, and informs members of their rights and procedures to object to the settlement. The proposed notice plan is the best practicable plan and warrants preliminary approval.

### F.   Incentive Awards to Class Representatives are Reasonable.

Courts regularly approve awards to Class Representatives because "Service 'awards are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class.'" *Karpik,* 2021 WL 757123 at *10 (quoting *Hadix v. Johnson,* 322 F.3d 895, 897 (6th Cir. 2003)). Incentive awards are routinely approved in the Sixth Circuit when Class Representatives have "worked with Class Counsel throughout the litigation locating and producing documents, responding to discovery requests and reviewing filings in the case." *Shane Grp., Inc.,* 2019 WL 4746744, at *9 (noting courts have approved incentive awards up to $15,000 per Plaintiff). Class Representatives in the instant matter communicated extensively with Class Counsel, provided counsel with important information, and reviewed the Amended Complaint and other case filings.

## IV.   CONCLUSION

Plaintiffs respectfully request the Court grant their Motion for Preliminary Approval of Settlement, Preliminary Certification of the Settlement Class, approval of Class Notice and Plan of Allocation, and scheduling a Fairness Hearing.  Plaintiffs propose the Fairness Hearing be scheduled at least 140 days after entry of the Preliminary Approval Order in order to provide the Settlement Class with fair notice and the opportunity to be heard, as well as to provide notice to appropriate federal and state officials as required by the Class Action Fairness Act of 2005

("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711-1715.  The submitted proposed preliminary approval order sets forth the proposed schedule of events which are subject to the Court's approval. For the reasons set forth above, the Settlement meets the standard for preliminary approval under Rule 23.

Dated: March 10, 2023                              Respectfully submitted,

                                                  **CAPOZZI ADLER, P.C.**

                                                  */s/ Mark K. Gyandoh*
                                                  Mark K. Gyandoh
                                                  312 Old Lancaster Road
                                                  Merion Station, PA 19066
                                                  Telephone: (610) 890-0200
                                                  Facsimile: (717) 233-4103
                                                  Email: markg@capozziadler.com

                                                  Donald R. Reavey
                                                  2933 North Front Street
                                                  Harrisburg, PA 17110
                                                  Telephone: (717) 233-4101
                                                  Facsimile: (717) 233-4103
                                                  Email: donr@capozziadler.com

                                                  EDELSON LECHTZIN LLP
                                                  Eric Lechtzin, Esquire*
                                                  Marc H. Edelson, Esquire*
                                                  411 S. State Street, Suite N-300
                                                  Newtown, PA 18940
                                                  Telephone: (215) 867-2399
                                                  Email: elechtzin@edelson-law.com

                                                  *Attorneys for Plaintiffs, the Plan
                                                  and the Proposed Class*

18

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all attorneys of record.

*/s/Mark K. Gyandoh*